**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |  | |
|---|---|---|---|
| DALE J. RICHARDSON, | § | | |
| APPLICANT, | § | | |
| | § | | |
| V. | § | A-21-CV-794-RP | |
| | § | | |
| OFFICER BLEVINS, et al. | § | | |
| RESPONDENTS. | § | | |

**ORDER**

Before the Court are Dale J. Richardson's "Criminal Complaint Pursuant to Article 13 of the Convention Against Torture and Rule 3 of the Federal Rules of Criminal Procedure and an Ex Parte Motion for Relief Pursuant to 18 U.S.C. § 3771(d)(3)." At the time he filed this action, Richardson was a detainee at a detention facility in Aurora, Colorado. He claims he has a duty to report treason and he is being obstructed from reporting the mismanagement of the COVID emergency. Richardson believes he is a victim of various crimes and entitled to relief under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C § 3771. He also appears to be attempting to file a criminal complaint.

Richardson filed a similar request in this Court in Cause No. A-21-CV-697-RP and in various other federal courts. As explained previously, the Court lacks jurisdiction over this matter.

The CVRA enumerates the rights afforded to victims in federal criminal cases. The specific rights afforded a crime victim under the CVRA are the following:

(a) Rights of crime victims.--A crime victim has the following rights:

> (1) The right to be reasonably protected from the accused.
>
> (2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
>
> (3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
>
> (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.
>
> (5) The reasonable right to confer with the attorney for the Government in the case.
>
> (6) The right to full and timely restitution as provided in law.
>
> (7) The right to proceedings free from unreasonable delay.
>
> (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.
>
> (9) The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement.
>
> (10) The right to be informed of the rights under this section and the services described in section 503(c) of the Victims' Rights and Restitution Act of 1990 (42 U.S.C. 10607(c)) and provided contact information for the Office of the Victims' Rights Ombudsman of the Department of Justice.

18 U.S.C. § 3771(a).

Section 3771(d) addresses enforcement of these rights and the limitations of the CVRA:

(d) Enforcement and limitations.--

> (1) Rights.--The crime victim or the crime victim's lawful representative, and the attorney for the Government may assert the rights described in subsection (a). A person accused of the crime may not obtain any form of relief under this chapter.

(2) Multiple crime victims.--In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

(3) Motion for relief and writ of mandamus.--The rights described in subsection (a) shall be asserted in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred. The district court shall take up and decide any motion asserting a victim's right forthwith. If the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus. The court of appeals may issue the writ on the order of a single judge pursuant to circuit rule or the Federal Rules of Appellate Procedure. The court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed, unless the litigants, with the approval of the court, have stipulated to a different time period for consideration. In deciding such application, the court of appeals shall apply ordinary standards of appellate review. In no event shall proceedings be stayed or subject to a continuance of more than five days for purposes of enforcing this chapter. If the court of appeals denies the relief sought, the reasons for the denial shall be clearly stated on the record in a written opinion.

(4) Error.--In any appeal in a criminal case, the Government may assert as error the district court's denial of any crime victim's right in the proceeding to which the appeal relates.

(5) Limitation on relief.--In no case shall a failure to afford a right under this chapter provide grounds for a new trial. A victim may make a motion to re-open a plea or sentence only if–

> (A) the victim has asserted the right to be heard before or during the proceeding at issue and such right was denied;
> (B) the victim petitions the court of appeals for a writ of mandamus within 14 days; and
> (C) in the case of a plea, the accused has not pled to the highest offense charged.
>
> This paragraph does not affect the victim's right to restitution as provided in title 18, United States Code.

> (6) No cause of action.--Nothing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages. Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction.

As explained in the Court's previous order, Richardson fails to identify any provision in the CVRA that authorizes a freestanding civil action to enforce the asserted violation of the CVRA. *See In re Wild*, 994 F.3d 1244, 1269 (11th Cir. 2021). Furthermore, even if Richardson could bring a freestanding motion to enforce rights under the CVRA, the action must be dismissed because he fails to allege facts that support a cognizable claim for relief. Richardson does not allege that any arrests have been made or that a grand jury has returned an indictment. As a result, there is no "accused" person from whom Richardson may seek protection for purposes of the CVRA.

In addition, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Kelley v. Creasy*, 773 F. App'x 797 (5th Cir. July 23, 2019) (holding to extent plaintiff sought to have district court prosecute state officers, district court was correct that plaintiff does not have constitutional right to have individual criminally prosecuted). Rather, whether to prosecute criminal statutes and bring charges are decisions left to the discretion of a prosecutor. *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

It is therefore **ORDERED** that the "Criminal Complaint Pursuant to Article 13 of the Convention Against Torture and Rule 3 of the Federal Rules of Criminal Procedure and an Ex Parte

Motion for Relief Pursuant to 18 U.S.C. § 3771(d)(3)," filed by Dale J. Richardson on September 7, 2021, is **DENIED** and the action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SIGNED** on September 18, 2021.

*[signature]*

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE